### No. 1093.

#### THOMAS C. ANDERSON VS. HIS CREDITORS.

The theory of the application for a Respite is, that the applicant is the plaintiff and the creditors the defendants. There is issue joined between them by the filing of oppositions to the application; and the oppositions should be tried whenever legally fixed for trial, without citation to either the applicant debtor or the assenting creditors, to answer the oppositions.

The pretension of the applicant debtor that, if he does not seek the homologation of the proceedings, the oppositions cannot be tried, is entirely unfounded, either in law or reason.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth,* J.

---

Henry L. Garland for Opposing Creditors, Appellants :

First—Any person having interest may ask the court to homologate the proceedings of a meeting of creditors held for the purpose of considering an application for a respite.

Second—In petition praying for such homologation, opposition may be made to the right to vote of any of the persons who participated in the meeting.

Third—All the parties in a *concurso* are plaintiffs and defendants. There is no citation required to be made on any.

Lewis & Bro. and Albert Voorhies, *amici curiæ*, on the other side :

First—A respite differs essentially from a surrender. 12 An. 182.

Second—All proceedings against a debtor who has applied for a respite must be had contradictorily with him, and he is entitled to notice.

Third—When the petitioner does not pray to have parties made, and

that these be served with notice or citation, there can be no tacit issue joined.

Fourth—When plaintiff does not pray for parties to be made and notified or cited in a matter where the proceedings must be contradictory, the court cannot compel him to make and cite parties, but may dismiss the proceeding.

Fifth—The appeal having been taken in open court, without citation, there are no appellees in an *ex parte* proceeding.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Submitting a *bilan* or schedule of the condition of his assets and liabilities, alleging his solvency, but embarrassed circumstances, and expressing a desire to obtain relief from his creditors, Thomas C. Anderson applied for a respite.

The Court made an order convoking his creditors and *staying* all proceedings against his person and property.

Notices appear to have issued to the creditors. On the appointed day, and on subsequent days, a number of persons claiming to be and to represent creditors, appeared before the designated notary, and, after verifying their claims by oath, voted, some for, some against, the respite asked by Anderson.

The notary drew up the required *procès verbal*, which was signed by the appearers, and afterward filed in the court before which the proceedings were pending.

Oppositions were filed by certain parties claiming to be creditors of Anderson, averring a number of reasons to prevent the homologation of the deliberations, which otherwise would have inured to Anderson's benefit.

The case was placed on the docket and was called for trial. The opposing creditors announced themselves ready to proceed, and insisted upon trying their oppositions. Objection being made by counsel of Anderson to the trial, on the grounds that there were no litigants before the court; that there were no issues presented to the court; that the opponents show no cause of action; the court sustained the objection, for the reasons stated, and dismissed the oppositions.

To this ruling of the court, which occurred on January 20th, 1880, a bill of exceptions was taken.

Subsequently, on March 5th, 1880, a judgment was rendered, in which reference is made to the occurrences of January 20th, 1880. This judgment terminates in the following words and figures:

"The law and evidence being in favor of the said T. C. Anderson, and against the demands made by said opposing creditors,

"It is ordered that their proceedings be dismissed."

It was signed by the presiding judge on said 5th of March, 1880. From the judgment so rendered the opposing creditors have appealed. With the judgment the ruling comes up for revision.

It does not appear from the record, that we can discover, that any proceedings intervened between the 20th of January and the 5th of March, 1880. In point of fact, the judgment is merely a repetition of the matters embodied in the bill of exceptions.

The theory upon which the objection was made to the trial of the oppositions filed by certain parties claiming to be creditors to the approval of the proceedings before the notary, seems to be predicated upon the assumption that the opposing creditors are to be treated as ordinary plaintiffs should be, and that the applicant for the respite, and those whose action and claims were opposed and drawn in question, are defendants in the oppositions, and that no action can be taken on such oppositions until after those parties shall have been cited to answer the oppositions, and shall have joined issue upon the same, or until Anderson shall have taken steps for the homologation of the proceedings.

This is a fallacy. The theory is to the very reverse. The applicant is the party plaintiff, and his creditors are the parties defendants. The very title of the proceedings evidences the correctness of this view. The applicant, availing himself of the provisions of the law in favor of embarrassed, though not insolvent, debtors, addresses his complaint to the proper court, and asks that his creditors be summoned, as it were, to show cause why the respite asked should not be granted him. The cause to be shown is merely their willingness or unwillingness to grant the desired relief. They are called upon to express that consent or refusal before a notary. As may well be expected, some may be and others may not be creditors. From the mere fact that they verify their claims by their respective oaths before the notary, it does not follow necessarily and absolutely that they are such creditors, that they cannot be called upon to prove up their pretensions contradictorily with parties in interest.

To entitle an applicant for a respite to the relief, he must obtain the majority of votes in number and amount of all his creditors.

The law requires that the notary shall make a return of his execution of the order of the court for the convocation of the creditors of the applicant. The law allows ten days to parties claiming to have an interest at stake to oppose the deliberations of the creditors, as reported by the notary. Such parties even have beyond said delay, until before the deliberations are homologated, to file their oppositions. The acts of the creditors before the notary and the oppositions to the deliberations are the *answers* of the creditors to the application for a respite, just as much as the oppositions filed to accounts and tableaux in succession

matters or insolvent proceedings are considered as answers to the petition of the succession representative for the homologation of such accounts and tableaux.

It is not until then that there is an issue joined between the applicants and the creditors; but it is not to be understood that oppositions are indispensably necessary in order that either the proceedings before the notary or the accounts and tableaux may be homologated. The approval and homologation follows in case no opposition be filed.

It has never been claimed that after oppositions have been filed, the succession or insolvency representative and the creditors on the account and tableau whose claim may have been opposed, have to be notified, and that issue has to be joined before the opposition can be called, tried, and determined. The succession or insolvency representative and the creditors are deemed to be constantly present in court, and must be ready to proceed with the matters before the court when the case is properly called for trial, whether the burden of proof rests upon them or upon the opponents.

The application for a respite is inchoate until it has been granted. This only occurs when the court has granted it without opposition on the part of the creditors or after unavailing opposition.

It is only after a final decree has been rendered that the respite is granted or refused the applicant. In the first case the assets do not pass to the creditors; but in the latter, they do.

The opponents have a right to proceed with their opposition if they choose, whether the applicant for the respite wish or not to apply for homologation or to be present in court. They cannot be made to await his convenience. They may have an interest in having the respite granted or refused, or in having one preferred to another as syndic, in having parties pretending to be creditors declared not to be such, or in having other matters determined. Were it otherwise, the order *staying* proceedings against the person and property of the applicant would last *indefinitely*, even where the creditors, whose consent is required, would withhold the same absolutely, and the creditors would remain *in statu quo* to no end of time.

Article 3092 R. C. C. would remain a dead letter, and the unprecedented spectacle would be presented of creditors *forever prevented* from acting in a court of justice. 7 M. 675; 9 M. 493.

We think the lower court erred in ruling as it did, and that the oppositions should be proceeded with at the instance of the opposing creditors when the same shall be regularly called for trial.

It is therefore ordered that the judgment of the lower court be reversed, that the objection made to the taking up for trial of the oppositions be overruled, and that the case be remanded for further proceedings according to law, and that the costs of both courts be paid by the applicant, or by his estate, in case the respite be refused.